IN THE MATTER OF THE MARRIAGE OF

HELEN K. DAW and JERRY L. DAW

Decided June 27, 1969

Warren L. Bachtel, Window Rock, Arizona, for Plaintiff

LINCOLN, Chief Justice

Helen K. Daw and Jerry L. Daw were married by tribal custom on September 24, 1964. The parties failed to obtain a marriage license in compliance with Title 9, Navajo Tribal Code, § 5, but the marriage was recorded in the Agency Census Office. Two children were born of the marriage: Jonah Jerry Daw, born on February 21, 1965, and Jacqueline Sherry Daw, born on July 23, 1967. The couple was recognized as husband and wife in their community until the death of Jerry L. Daw on June 8, 1967. Mrs. Daw now claims she is entitled to Veterans Administration benefits due to the death of her husband. The Veterans Administration has refused to pay any benefits, contending that the marriage was never valid.

The question placed by Helen K. Daw before this Court is whether a marriage is valid when it is between Navajos on the Navajo Reservation which has been solemnized by tribal custom, but which was

not in compliance with the requirement that a couple must obtain a marriage license prior to contracting marriage. The question was placed before the Court and argued ex parte.

The facts as above stated were substantiated on August 21, 1968, by a judgment of the Trial Court at Window Rock which adjudged Jerry L. Daw to be the father of the minor children, Jonah Daw and Jacqueline Sherry Daw. Jerry Daw was killed in action in Viet Nam and the purpose of bringing a paternity action was to qualify for Social Security and other benefits to which the children were entitled.

The relevent portion of Title 9, Navajo Tribal Code, § 5 (4), (1962) reads,

"The couple must obtain a marriage license, as provided in Section 6 of this Title."

The question to be determined is what was the intended construction of the Tribal Council in enacting the marriage license requirement. Was the statute intended to be directory or mandatory. If mandatory, the marriage could not be validated for any purpose.

The overwhelming majority of jurisdictions which have considered the question of whether a marrige is valid although performed without a license when obtaining such a license is required by statute have held such marriage to be valid. In those jurisdictions, licensing statutes have been held to be directory in nature in the absence of a

clear legislative purpose to the contrary. <u>DePotty v. DePotty</u>, 226 Ark. 881, 295 S.W.2nd 330, 61 ALR2nd 841 (1956).

The Navajo Tribal Code does not contain language which specifically declares marriages invalid which do not comply with all of its requirements. To the contrary, Title 9, Navajo Tribal Code, § 61 specifically validates, "All purported marriages of members of the Navajo Tribe not contracted by church, state or Tribal custom ceremony as defined by the resolutions of the Tribal Council, wherein such members were or are recognized as man and wife in their community ..." Such marriages are "validated and recognized as valid Tribal custom marriages from the date of their inception." The intent of Section 61 seems to be to cure defects in form and procedure in otherwise lawful marriages. Marriages in which the partners were recognized as being married prior to February 1, 1954 are clearly validated, but the Tribal Council did not outlaw specifically, common law marriages after that date.

The Supreme Court of the United States held in <u>Meister v. Moore</u>, 96 U.S. 76, 24 L.Ed. 826 (1878),

> "Unless containing words of nullity, statutes pre-
> scribing the form of marriages are discretionary
> merely, and common law marriages though not
> according to statutes are valid."

It is the conclusion of this Court that the marriage requirements as they are presently codified are directory and not mandatory and that where the marriage by Tribal custom of the Daws subsequent to

February 1, 1954, which was not accompanied by a marriage license was not invalid under the Navajo Tribal statutes. The marriage was recorded in the Agency Census Office and was recognized by the community in which the Daws lived. This court therefore holds that the marriage between Helen K. Daw and Jerry L. Daw as valid as of its inception on September 24, 1964.